UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

EMBROIDME.COM, INC.,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Defendant.

CASE NO. 9:12-cv-81250-KAM

## DEFENDANT'S PROPOSAL FOR SETTLEMENT[1]

Defendant, Travelers Property Casualty Company of America, pursuant to Florida Statute § 768.79, and the authority of *Menchise v. Akerman Senterfitt*[2], 532 F. 3d 1146 (11th Cir. 2008) files this Proposal for Settlement and states as follows:

    1.    It is Defendant's intention in making this proposal to avail itself of the rights and protections of Florida Statutes, § 768.79.

        a.    **Name of the Party making the proposal. Fla. Stat. § 768.79(2)(b).:** Travelers Property Casualty Company of America

        b.    **Name of the Party to Whom the proposal is made. Stat. § 768.79(2)(b).:** EmbroidMe.com, Inc.

---

[1]    This document and its attachments are an offer to compromise and therefore inadmissible Per FRE 408 to "either to prove or disprove the validity or amount of a disputed claim."

[2]    The Florida offer of judgment statute which applies in civil actions for damages in "courts of this state," applies to actions filed in federal courts located in Florida, as such courts are "courts of Florida" because they adjudicate claims under Florida law and are a part of the judicial system in that state. See *Menchise*.

EXHIBIT A

9:12-cv-81250-KAM

c. **The claim this proposal is attempting to resolve.** All claims set forth in the Complaint of the matter *Embroidme.com, Inc. v. Travelers Property Casualty Company of America* in the United States District Court Southern District of Florida, Case No: 9:12-cv-81250-KAM ("Lawsuit").

d. **Relevant Conditions and the total amount of the proposal and all nonmonetary terms of the proposal. Fla. Stat. 768.79(2)(d).:**

(1) The Defendant proposes settlement with Plaintiff, in the total amount of **$2000.00 (Two Thousand Dollars)** for full and complete settlement of all claims asserted or that could have been asserted, relative to claims described in the Complaint, inclusive of all attorneys' fees and costs, and exclusive of all other proposals for settlement.

(2) If Plaintiff accepts this proposal, Plaintiff will sign a Release, attached hereto as **Exhibit A**, in favor of the Defendant, and shall dismiss the Lawsuit against Defendant with prejudice.

(3) This Proposal for Settlement shall remain open for a period of thirty (30) days or until withdrawn in writing, whichever occurs first. Fla. Stat. §768.79(4); Fla. Stat. § 768.79(5).

(4) Failure by Plaintiff to timely accept this Proposal for Settlement shall constitute a rejection of this Proposal for Settlement by Plaintiff, and may result in appropriate sanctions being imposed by the Court upon the Plaintiff, including costs, expenses, and reasonable attorneys' fees.

(5) This proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within thirty (30) days after service of the proposal.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

By sending the written notice of acceptance, Plaintiff agrees that it is affirmatively indicating that the amount specified in this offer is inclusive of any attorneys' and costs to which it may have a claim arising from the Lawsuit and is hereby affirmatively waiving any such claim or right.

(6) No oral communications shall constitute an acceptance, rejection or counteroffer.

(7) In the event that this proposal is not accepted, Defendant reserves all rights to recover attorneys' fees, costs, and such other amounts and to obtain such other relief as may be just and appropriate.

(8) This proposal supersedes any prior settlement offers or proposals made by the Defendant.

(9) Plaintiff agrees that it is not the prevailing party and also agrees that accepting this proposal does not make it the prevailing party.

f. **The amount proposed to settle a claim for punitive damages. Fla. Stat. § 768.79(2)(c).:** There are currently no asserted claims for punitive damages in the operative complaint, making subsection (2)(c) of Fla. Stat. § 768.79 irrelevant to this proposal.

g. **State whether the proposal includes attorneys' fees and whether attorneys' fees are a part of the legal claim.:** Yes, Plaintiff asked for attorneys' fees in its complaint. This proposal is to settle all claims, inclusive of attorneys' fees, if any.

2. This proposal is being served but not filed pursuant to Fla. Stat. § 768.79(3). It will be filed if necessary to enforce the provisions of Fla. Stat. § 768.79.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, the foregoing document was served on counsel listed on the below service list via email. .

s/ Avery A. Dial<br>
RORY ERIC JURMAN<br>
Fla. Bar No. 194646<br>
Email: rjurman@fowler-white.com<br>
AVERY A. DIAL<br>
Fla. Bar No. 732036<br>
Email: adial@fowler-white.com<br>
<br>
FOWLER WHITE BURNETT, P.A.<br>
One Financial Plaza, Suite 2100<br>
100 Southeast Third Avenue<br>
Fort Lauderdale, Florida 33394<br>
Telephone:   (954) 377-8100<br>
Facsimile:    (954) 377-8101<br>
***Attorneys for Travelers Property Casualty Company of America***

## SERVICE LIST

Daniel Thomas, Esq.
Email: dthomas@leopold-law.com
Lauren S. Fallick, Esq.
Email: lfallick@leopold-law.com
Leopold Law, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
***Attorneys for the Plaintiffs***
W:\85393\PROSET91-draft-AAD.docx{8/7/13-12:10}

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND RELEASE

This ("Release") is entered into this _____ day of _____by and among **Travelers Property Casualty Company of America** ("Travelers"), **and EmbroidMe.com, Inc.** collectively referred to hereafter as the "Parties," pertaining to the claims set forth in *Embroidme.com, Inc. v. Travelers Property Casualty Company of America* in the United States District Court Southern District of Florida, Case No: 9:12-cv-81250-KAM. ("Lawsuit"). In consideration of the release and discharge set forth herein, Travelers agrees to pay to EmbroidMe.com, Inc. TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00) inclusive of attorneys' fees and costs:

NOW, THEREFORE, in consideration of the premises and the mutual promises set forth herein, the Parties agree as follows:

1. No Admission of Liability or Coverage. It is hereby understood, acknowledged, admitted, and agreed between the Parties that this Release represents the compromise of disputed claims and that the signing of this Release is not an admission of liability or Coverage on the part of any of the Parties.

2. EmbroidMe.com, Inc. hereby remises, releases, and forever discharges Travelers, its present and former parents, third-party administrators, reinsurers, affiliates, subsidiaries, predecessors, successors, and related entities, each of its present and former officers, directors, shareholders, employees, partners, attorneys, insurers, affiliates, representatives, brokers, independent contractors, spouses, trustees, and agents, and each of all such persons or entities' heirs, successors, assigns, executors, administrators, and beneficiaries of and from any and all claims (including claims for costs, attorneys' fees, and punitive damages), damages, demands, suits, debts, actions, or causes of action of any kind, whether known or unknown, suspected or unsuspected any of them, ever had or may now or hereafter own, hold, have, or claim to have from the beginning of the world through to the date of this Release that arise out of or relate to claims which were or could have been brought from the nexus of operative facts set forth in the Lawsuit.

3. EmbroidMe.com, Inc. will not in any future lawsuit arising from the same nexus of operative facts as the instant Lawsuit allege that Travelers committed any errors or omissions. EmbroidMe.com, Inc. acknowledges that any future lawsuit filed by EmbroidMe.com, Inc. against any person or entity arising from the same nexus of operative facts will be a lawsuit for the active fault of that person or entity and not in any way be a claim for the vicarious actions of Travelers or for any damages allegedly caused by Travelers.

8. EmbroidMe.com, Inc. will voluntarily dismiss the Lawsuit with prejudice and will not use this settlement as a judgment nor seek to record a judgment based on this settlement.

10. Unknown Claims. It is possible that claims not now known to the Parties will develop or be discovered arising out of the nexus of operative facts set forth in the Lawsuit, and this Release is expressly intended to cover and include all such claims, including all rights of action relating thereto as to EmbroidMe.com, Inc. and Travelers. This includes any claim that Edward McHale, Esq. may have against EmbroidMe.com, Inc. for unpaid fees.

Exhibit A

11. **Applicable Law and Venue.** This Release shall be construed, interpreted, governed, and enforced in accordance with the laws of the State of Florida without regard to its conflict of laws principles, and exclusive venue for any litigation relating to the Release shall be Palm Beach County, Florida or the United States District Court for the Southern District of Florida if the subject claim is otherwise removable.

12. **Entire Agreement.** This Release constitutes the only existing and binding agreement of settlement between the Parties, and the Parties acknowledge that there are no other warranties, promises, assurances, or representations of any kind, express or implied, upon which the Parties have relied in entering into this Release, unless expressly set forth herein. This Release shall not be modified except by written agreement signed by all of the Parties.

13. **Parties Bound and Affected.** This Release shall be binding upon and inure to the benefit of the officers, directors, shareholders, employees, partners, attorneys, affiliates, representatives, spouses, trustees, heirs, successors, and assigns of the Parties.

14. **Acknowledgment of Terms.** The Parties have read and understand the terms of this Release, have consulted or had the opportunity to consult with counsel, understand and acknowledge the significance and consequence of each term, and have freely and voluntarily each affixed their signature hereto with full and complete authority to do so.

15. **Representation by Counsel.** The Parties acknowledge and agree that they have entered into this Release after having received full advice from counsel of their choice or having had the opportunity to receive such advice, with respect to this Release and all other matters related thereto.

16. **Counterparts.** This Release may be executed in counterparts and facsimile signatures shall be treated as original signatures.

17. **Confidentiality.** From the time of the execution of this Release, neither party, nor its/his attorney, nor anyone else acting on their behalf, shall disparage the other, either directly or indirectly. Neither party shall release or disclose any information whatsoever regarding: (1) Any of the terms of, or the existence of this Release ; (2) The fact that Travelers is paying any money to EmbroidMe.com, Inc. or the amount of the payment(s); or (3) Any allegations or claims that the Parties had or maintained or could have maintained against one another arising from the subject events, to any person or organization, including, but not limited to, members of the press and media, or any other third persons or governmental entities.

This confidentiality provision shall not apply to any disclosure of this Release by either party to his attorney, accountant or other *bona fide* tax adviser, or any *bona fide* financial planner he has employed, but each party shall inform such professionals of this Release, and they shall be similarly bound. Additionally, this confidentiality provision shall not apply to disclosure of this Release to the Internal Revenue Service, the Social Security Administration, or the Florida Department of Revenue, except disclosure shall only be made when it is necessary to produce a document for tax and/or Social Security reasons and only upon the request of the governmental agency or court order or subpoena.

The parties further agree and covenant that should any person, organization, or other entity file, charge, claim, sue, or cause or permit to be filed any civil action, suit or legal proceeding involving any matter occurring at any time in the past against the party, will not seek or accept any personal relief in such civil action, suit or legal proceeding. Notwithstanding the foregoing, if the party should be subpoenaed by a court or administrative agency of competent jurisdiction to testify about his relationship with or this Release , or to produce this Release or other documents related to or about this matter, he shall be allowed to honor the subpoena as required by law, but only after he has first given notice to the other party allowing them the opportunity to object and assert their rights, first telephonically, within a reasonable time after being served with the subpoena, and as soon thereafter as possible, in writing, including a copy of the subpoena, and in any event, before he testifies or produces any documents in response to the subpoena.

19. This Confidential Settlement Agreement and Release resolves all claims for attorneys' fees and costs arising from the Lawsuit.

20. Warranty of Capacity to Execute Agreement. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release, except as otherwise set forth herein; that the Parties have the right and exclusive authority to execute this Release and receive the sums specified in it; to make the claims asserted in the Lawsuit, and that the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Release.

21. This Release shall survive the insolvency of any Party.

22. This Release is not intended to be nor shall it be construed as an interpretation of any insurance policy or as an admission by any Party regarding any rights or obligations arising under the insurance policies or any insurance policy issued by Insurer. This Release shall not be used as evidence or in any manner in any court or dispute resolution proceeding to create, prove or interpret the obligations of Travelers under any insurance policy.

23. The parties agree that this document is inadmissible Per FRE 408 to "either to prove or disprove the validity or amount of a disputed claim."

All parties acknowledge that all of their agreements are stated in full above.

IN WITNESS WHEREOF, I have executed this Release on this ____ day of _____, 2013.

_____on behalf of Travelers

STATE OF _____    )
                           ) ss.
COUNTY OF _____    )

The foregoing General Release of Claims was acknowledged before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, this ___ day of _____, 2013, by _____ **on behalf of Travelers.** who:

[ ]  is personally known to me; or
[ ]  who has produced a _____
     Driver's License No. _____ as identification; and who
[ ]  did
[ ]  did not take an oath.

_____
Notary Public, State of at Large
My Commission expires:

IN WITNESS WHEREOF, I have executed this Release on this ____ day of _____, 2013.

_____on behalf of EmbroidMe.com, Inc.

STATE OF _____    )
                           ) ss.
COUNTY OF _____    )

The foregoing General Release of Claims was acknowledged before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, this ___ day of _____, 2013, by _____**on behalf of EmbroidMe.com, Inc.,** who:

[ ]  is personally known to me; or
[ ]  who has produced a _____
     Driver's License No. _____ as identification; and who
[ ]  did
[ ]  did not take an oath.

_____
Notary Public, State of at Large
My Commission expires: